UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **THOMAS EUGENE JOINER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 4:20-cv-1321-ACA** |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Thomas Eugene Joiner appeals the decision of the Commissioner of Social Security denying his claim for supplemental security income. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.   PROCEDURAL HISTORY

On February 11, 2019, Mr. Joiner applied for supplemental security income, alleging that his disability began on July 1, 2009. (R. at 10, 186). The Commissioner initially denied Mr. Joiner's claim (*id.* at 121–25), and Mr. Joiner requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 129, 181–83). After holding a hearing (r. at 28–56), the ALJ issued an unfavorable decision (*id.* at 7–22).

The Appeals Council denied Mr. Joiner's request for review (*id.* at 1), making the Commissioner's decision final and ripe for the court's judicial review, 42 U.S.C. § 1383(c).

## II.  STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted).  The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Mr. Joiner had not engaged in substantial gainful activity since his February 11, 2019 application date. (R. at 12). The ALJ found that Mr. Joiner's morbid obesity, osteoarthritis, and lumbar spondylosis were severe impairments, but that his hypertension, edema, GERD, nausea and vomiting, depression, and anxiety were non-severe impairments. (*Id.* at 12–13). The ALJ then concluded that Mr. Joiner does not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 14).

3

After considering the evidence of record, the ALJ determined that Mr. Joiner had the residual functional capacity to perform light work except that he faced some additional physical and environmental limitations. (R. at 14). Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that jobs existed in the national economy that Mr. Joiner could perform, including table worker, cuff folder, and order clerk. (*Id.* at 18). Accordingly, the ALJ determined that Mr. Joiner has not been under a disability, as defined in the Social Security Act, since he filed his application on February 11, 2019. (*Id.* at 19).

## IV.   DISCUSSION

Mr. Joiner argues that the court should reverse and remand the Commissioner's decision because the ALJ did not properly evaluate the opinion of consultative examiner Dr. James Temple. (Doc. 14 at 9–22).

Dr. Temple examined Mr. Joiner on one occasion and opined that with Mr. Joiner's "difficulty with movement without pain," Mr. Joiner had to stop work, and Dr. Temple believed that Mr. Joiner is "disabled at this point in time." (R. at 344).

The ALJ found that although Dr. Temple opined that Mr. Joiner is disabled and offered reasons for that opinion, Dr. Temple did not offer a function-by-function-analysis of Mr. Joiner's abilities and limitations. (*Id.* at 17). The ALJ also noted that "blanket determinations regarding a claimant's disability status is a

finding that is reserved for the commissioner of the Social Security Administration." (*Id.*).

Mr. Joiner raises four alleged errors related to the ALJ's treatment of Dr. Temple's medical opinion.

First, Mr. Joiner appears to argue that the ALJ substituted his opinion for that of Dr. Temple. (Doc. 14 at 10–11). Mr. Joiner cites a number of cases that stand for this general proposition, but he advances no specific argument regarding how the ALJ did so in this case. Nevertheless, although an ALJ "may not make medical findings" himself, the ALJ's responsibility is "to resolve conflicting medical opinions." *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (finding that "the ALJ did not usurp the role of a physician" by weighing the credibility of a medical expert's opinion "in light of other record evidence"). And that is what the ALJ did here.

Second, citing *McClurkin v. SSA*, 625 F. App'x 960 (11th Cir. 2015), Mr. Joiner argues that the ALJ "failed to state with at least 'some measure of clarity' the grounds for his decision in repudiating the opinion of an examining physician." (Doc. 11 at 14) (emphasis omitted). But the ALJ's specific explanation for rejecting Dr. Temple's opinion (*see* r. at 17) belies Mr. Joiner's position. Therefore, this argument is not persuasive.

5

Third, Mr. Joiner argues that the if the ALJ was dissatisfied with Dr. Temple's opinion, then the ALJ should have recontacted Dr. Temple. (Doc. 14 at 12–13). The governing regulations do not require an ALJ to recontact a medical source. Instead, the regulations provide that an ALJ may recontact a medical source if there is insufficient evidence from which the ALJ can determine whether a claimant is disabled. 20 C.F.R. § 416.920b(b)(2)(i). But Mr. Joiner has not argued that the evidence in the record did not contain all of the information the ALJ needed to make a disability determination. (*See* Doc. 14 at 12–13). Accordingly, the court finds that the ALJ was not under an obligation to recontact Dr. Temple.

Fourth, Mr. Joiner argues that the court should find that the ALJ improperly evaluated Dr. Temple's opinion based on the Seventh Circuit's "degree of suspicion" standard adopted in *Wilder v. Chater*, 64 F. 3d 335 (7th Cir. 1995). (Doc. 14 at 13–21). The Eleventh Circuit has not adopted this standard. Therefore, this court will not follow it either. But even if *Wilder* were controlling, *Wilder* is distinguishable from the facts of this case. In *Wilder*, the consulting physician's opinion was the only evidence of the claimant's impairments. *Wilder*, 64 F.3d at 337–38. Here, the record contains other evidence and opinions about Mr. Joiner's limitations. (*See* R. 57–73; 275–341; 351–430). Accordingly, *Wilder* does not assist Mr. Joiner. *See Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 685 (11th Cir. 2019)

(explaining that *Wilder* is inapposite where the ALJ does not reject the only medical evidence about a claimant's impairments).

## V.  CONCLUSION

Substantial evidence supports the ALJ's denial of Mr. Joiner's application for supplemental security income. Therefore, the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this July 29, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE